Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONROE & MAIN, INC., *et al.*,<br><br>Defendants.<br><br>And related counter-claims. | Case No.: CV14-7125-MWF (Ex)<br>*Hon. Michael W. Fitzgerald Presiding*<br><br>**COUNTER-DEFENDANT'S NOTICE OF MOTION AND MOTION FOR DISMISSAL OF COUNTER-PLAINTIFF'S COUNTER-CLAIMS; DECLARATION OF HOWARD S. HAN**<br><br>Complaint filed: November 3, 2014<br><br>Hearing Date: February 23, 2015<br>Time: 10:00 A.M.<br>Courtroom: 1600 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 23, 2015 at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 1600 of the above-entitled Court, located at 312 N. Spring St., Los Angeles, California 90012, Counter-Defendant STAR FABRICS, INC. will, and hereby does, move the Court for an order dismissing the first and second causes of action in the Counter-Complaint of Counter-

Plaintiffs MONROE & MAIN, INC., SEVENTH AVENUE, INC., and MIDNIGHT VELVET, INC. for lack of subject-matter jurisdiction and/or failure to state a claim.

This Motion is made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. This Motion is based upon this Notice of Motion and Motion and supporting documents, including without limitation the Memorandum of Points and Authorities, the Declaration of Howard S. Han, the papers, pleadings, and records on file in this action, and upon such other oral and documentary evidence and argument as may be presented at or before the time of hearing.

Pursuant to Local Rule 7, prior to the filing of this Motion, the parties met and conferred regarding the substance of this Motion, but were unable to reach a resolution.

DONIGER / BURROUGHS

Dated: December 30, 2014 By: /s/ Stephen Doniger
Stephen M. Doniger, Esq.
Attorney for Counter-Defendant
STAR FABRICS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Star Fabrics is one of the largest textile converters in the country. It invests heavily in original artwork and is known for having a premier library of such work. It has worked with thousands of garment manufacturer customers, including Defendant Seventh Avenue, Inc.

This case concerns allegations that Defendants have infringed on four (4) of Star's original textile designs. On October 20, 2014 Defendants first advised Star that the claims regarding one of those designs (Design 62268) concerned fabric that was purchased from Star. Declaration of Howard S. Han ("Han Decl.") ¶ 1, Ex. 1. The next day, Star's counsel requested documents to verify said sales since Star was unable to locate such documents. Han Decl. ¶ 2, Ex. 2. On October 22, 2014 Defendants provided the requested documents showing that Seventh Avenue, Inc. purchased fabric bearing Design 62268 in 2010. Han Decl. ¶ 3, Ex. 3. After reviewing those documents, Plaintiff advised Defendants that it would agree to drop its claims regarding Design 62268 even though it was unclear that the fabric at issue was the same fabric (the offending garments were purchased in 2013). Han Decl. ¶ 4, Ex. 4.

On November 3, 2014 Defendants Monroe & Main, Inc., Seventh Avenue, Inc., and Midnight Velvet, Inc. filed a consolidated Answer and a Counterclaim against Star for (1) "breach of contract," and (2) "declaration of copyright non-infringement."

The breach of contract counterclaim purports to be on behalf of all Counter-Plaintiffs, but only references a contract between Seventh Avenue, Inc. (see Docket No. 18, page 15 of 19, ¶¶11-12). In addition, said counterclaim alleges that "Star has an obligation under the contracts with Seventh, in which Monroe an (sic) Midnight are third party beneficiaries, to defend and indemnify against infringement

allegations…" (see Docket No. 18, page 16 of 19, ¶16). However, the Counterclaim does not state whether that obligation is express or implied, and if the former, whether it specifically references any third party beneficiaries, or where in the contract that provision is purportedly contained. It also fails to allege any breach by Star.

The declaratory relief counterclaim concerns a design (Design 42303) that was not included in this lawsuit, but was the subject of a 2013 cease and desist letter that Plaintiff did not and does not intend to pursue (see Docket No. 18, page 16 of 19, ¶18).

On November 24, 2014 counsel for Plaintiff, Howard Han, Esq., wrote to Defendants: "*As we previously stated, our client has authorized us to dismiss all claims regarding the 62268 design without prejudice. I am also representing to you in writing that Star will not pursue the claims related to the 42303 design, as referenced in your Counterclaim.*" Han Decl. ¶ 5, Ex. 5. After receiving a letter from counsel for defendants refusing to stipulate to a dismissal of the claims regarding Design 62268 unless it was part of a global settlement of the other claims, Plaintiff requested that the parties meet and confer over a motion to dismiss on December 1, 2014. Han Decl. ¶ 6, Ex. 6. Unfortunately, an agreement could not be reached.

On December 30, 2014 Star provided defendants with a signed covenant not to pursue claims regarding Designs 42303 and 62268, thus ending any further controversy regarding those designs. Han Decl. ¶ 7, Ex. 7.

This case is brought because this Court does not have jurisdiction over the declaratory relief claim since no justiciable controversy exists. Moreover, Counter-Plaintiffs' breach of contract claim fails to properly plead that claim.

///

///

## II. LEGAL STANDARD

In order for this Court to maintain jurisdiction over Counter-Plaintiffs' declaratory judgment claims, there must be an "actual controversy" between Star and Counter-Plaintiffs. The Declaratory Judgment Act states that: "In a case of actual controversy within its jurisdiction any court of the United States...may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). For federal jurisdiction to be proper under the Declaratory Judgment Act, the complaint must allege facts sufficient to demonstrate the existence of an actual controversy. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *See also Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. Cal. 1991).

A Rule 12(b)(1) motion "tests the subject matter jurisdiction of the court." *Ours Tech., Inc. v. Data Drive Thru, Inc.*, 645 F.Supp. 2d 830, 833 (N.D. Cal. 2009). The plaintiff has the burden of establishing that the court has jurisdiction. *See id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, a Rule 12(b)(1) motion will be granted if the complaint, "when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

The actual controversy requirement of the Declaratory Judgment Act, tracks the same cases or controversies requirement of Article III and saves the statute from unconstitutionally expanding the federal courts' jurisdiction. *Aydin Corp*, 940 F.2d at 528 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)). To determine the existence of an actual controversy in the context of a declaratory judgment action, the court examines whether there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Id.* "The disagreement must not be nebulous or contingent

but must have taken a fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some mutual purpose to be achieved by deciding them." *Public Serv. Comm'n of Utah v. Wycoff,* 344 U.S. 237, 243 (1952). In sum, the requirement of the actual controversy ensures that the court will not issue advisory opinions by deciding disputes of "hypothetical or abstract character." *Aetna Life Ins.*, 300 U.S. at 240.

Even if jurisdiction is proper, a district court has a "unique breadth of discretion" to decide whether or not to hear a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). This discretion is to be exercised "in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration." *Capo, Inc. v. Dioptics Medical Products, Inc.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004) (internal citations omitted). The Act gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. *Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. Haw. 1998).

In addition, Rule 12(b)(6) exists to weed out undeserving complaints before parties engage in expensive discovery. *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 555-559, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("*Twombly*"). Thus, while Rule 8(a) only requires a "short plain statement of the claim," that statement must give a defendant fair notice of a legally cognizable claim and the grounds upon which the claim rests. *Twombly,* 550 U. S. at 555; *Iqbal v. Ashcroft*, 556 U.S. 662, 667-68 (2009).

On a motion to dismiss, all allegations of material fact in the complaint are taken as true, but a court "is not required to accept legal conclusions in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994); *Zella v. The E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1127-28 (C. D. Cal. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements," are not presumed to be true. *Twombly,* 550 U.S. at 555. Thus, a court must not accept, as pled in the Complaint, "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## III. ARGUMENT

Counter-Plaintiffs' counterclaims should be dismissed, There is no controversy to support a declaratory judgment claim and Counter-Plaintiffs' Counterclaim is moot. Thus, that counterclaim should be dismissed for lack of federal subject matter jurisdiction, because there is no "case or controversy." In addition, the breach of contract counterclaim in impermissibly vague and conclusory in violation of the required pleading standards. Accordingly, this motion should be granted.

### *A. No Case or Controversy Exists in Connection with the declaratory relief claim.*

Counter-Plaintiffs seek a declaration of non-infringement of Star's Design 42303But there is no "actual controversy" with respect to the design because Star has given an unconditional covenant-not-to-sue re the allegedly infringing artwork.

#### *1. Counter-Plaintiffs Cannot Establish an "Actual Controversy"*

To meet its burden of proving the existence of an actual controversy in this matter, Counter-Plaintiffs must prove that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Ours Tech., Inc.*, 645 F.Supp. 2d at 834 (quoting *MedImmune, Inc.*, 549 U.S. at 127). To make this determination, the Court may look to see if the defendant has "engaged in conduct giving rise to a reasonable apprehension on plaintiff's part that it will face an infringement suit or the threat of one if it commences or continues the activity in question." *Int'l Harvester Co. v. Deere &Co.,* 623 F.2d at 1210. The reasonable apprehension must exist throughout the pendency of the case and in the appeals. *See In re Grand Jury Subpoenas Duces Tecum,* 78 F.3d 1307, 1310 (8th Cir. 1996).

Where the defendant in a declaratory relief action offers a covenant not to sue on the underlying federal action - as the moving Counter-Defendant has done here - such action divests the federal court of subject matter jurisdiction and the declaratory judgment action must be dismissed. *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1347-48 (Fed.Cir. 2010). As the Court pointed out in *Dow Jones & Co., Inc. v. Ablaise Ltd.:*

> "Ablaise's [the declaratory defendant] covenant not to sue avowed that Ablaise would not sue Dow Jones [the declaratory plaintiff] for any acts of infringement of its... patent. *The covenant therefore extinguished any current or future case or controversy between the parties, and divested the district court of subject matter jurisdiction.* Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case, and no amount of 'prudential reasons' or perceived increases in efficiency, however sound, can empower a federal court to hear a case where there is no extant case or controversy."

*Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010)(emphasis added); *accord, Benitec Australia Ltd. v. Nucleonics Inc.*, 495 F.3d 1340, 1347-48 (Fed. Cir. 2007) ("Benitec [the defendant in the declaratory judgment counterclaim] made its covenant [not to sue Nucleonics] and sought dismissal of its infringement claim after it concluded that the *Merck* decision precluded an infringement claim based upon the activities of Nucleonics [the plaintiff in the declaratory judgment counterclaim]).

By providing Counter-Plaintiffs with an unconditional covenant not to sue, Star extinguished any possible reasonable apprehension of suit. Thus, there is no current controversy and no basis for this Court to exercise jurisdiction over Counter-Plaintiffs declaratory relief claim. As such, this motion should be granted.

///

///

*2. Star Has Mooted Any Alleged Claims*

Federal courts are not empowered “to give opinions upon moot questions or abstract propositions.” *Church of Scientology v. United States*, 506 U.S. 9, 12(1992). A counter-defendant can moot a declaratory judgment action if it is absolutely clear that the counter-defendant will never renew its allegedly wrongful behavior. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1238 (9th Cir Nev. 1999). Here, Star has vowed not to bring suit against Counter-Plaintiffs for potential copyright infringement of Design 42303. Thus, Star is precluded from challenging any of Counter-Plaintiffs’ garments that may infringe upon Design 42303.

Counter-Plaintiffs has no ability to seek declarations of non-infringement when Star has voluntarily pledged to never raise such allegations. Star has effectively complied with Counter-Plaintiffs’ requests voluntarily. The mooting of the question by Star divests the Court of jurisdiction. Therefore, the Court should grant this motion.

*3. Counter Plaintiffs cannot show standing to assert their declaratory relief counterclaim.*

Article III's standing requires that a plaintiff demonstrate three elements: (1) an “injury-in-fact” - an invasion of a legal recognized interest which is concrete, actual or imminent, and not conjectural or hypothetical; (2) a causal link between the injury and the defendant's action, such that the injury is fairly traceable to the action complained of; and (3) that a favorable decision will likely redress the injury. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 120 S. Ct. 693, 704 (U.S. 2000). Past exposure to illegal conduct does not in itself show a present case or controversy. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *O’Shea v. Littleton*, 414 U.S. 488, 496 (1974).

Counter-Plaintiffs cannot establish injury in their counterclaims. As discussed above, Star has given an unconditional covenant-not-to-sue. By taking these

affirmative steps, Counter-Plaintiffs has received immunity from any suits involving Design 42303. As a result of this, Counter-Plaintiffs lack any injury, and therefore cannot meet the injury-in-fact standard giving it standing to sue.

In order to invoke Article III jurisdiction, Defendants must show a significant likelihood and immediacy of sustaining some direct injury. There is no likelihood or immediacy to Defendants' claims. Defendants cannot objectively claim that they face similar claims in the future from Star. Thus, this motion should be granted.

*B. The Breach of Contract claim fails to state a claim as to at least two of the three Counter-Plaintiffs.*

To successfully plead a claim for breach of contract, Counter-Plaintiffs must allege the existence of a contract, its breach, causation, and damages. *FPI Development, Inc. v. Nakashima*, 231 Cal App 3d 367, 383 (1991).

Counter-Plaintiffs have not pled facts demonstrating the existence of a contract between Star and either Monroe & Main, Inc. or Midnight Velvet, Inc. While they allege in the most conclusory manner imaginable that they are third party beneficiaries, they have not pled facts supporting that contention, leaving Star to guess at what agreement (or portion thereof) ***could*** possibly support that claim. Thus, the Counterclaim inadequately pleads the existence of a contractual relationship between Star and Counter Plaintiffs.

Next, Defendants have not pled a breach of any agreement by Star. To the contrary, the Counterclaim admits that Star fulfilled its contract with Seventh Avenue by delivering the Subject Dresses (see Docket No. 18, page 15 of 19, ¶¶12-13).

While the Counterclaim alleges that an indemnification obligation exists, it is again woefully deficient in providing any facts in support of that obligation, leaving Star to again guess at what agreement (or portion thereof) ***could*** possibly support that claim. Moreover, there is no allegation that Star ever refused any obligation under the Contract, or that Counter-Plaintiffs even *asked* Star to indemnify them.

There can be no breach of a contract until the time specified in the contract for performance has arrived. *Taylor v. Johnston* (1975) 15 Cal.3d 130, 137. Counter-Plaintiffs have completely failed to provide Star (or this Court) with any information regarding when Star's alleged breach occurred or what damages have resulted.

Counter-Plaintiffs' allegations are insufficient to meet the required pleading standard, as they must (1) plead facts showing the existence of a contract with each of them, and (2) plead facts showing a breach of the contract by Plaintiff that can colorably have caused damages. *Iqbal*, 556 U.S. at 677-78. Therefore, this motion should be granted.

## IV. CONCLUSION

For the foregoing reasons, Star respectfully requests that the Motion to Dismiss be granted.

DONIGER / BURROUGHS

Dated: December 30, 2014

By: _/s/ Stephen M. Doniger________
Stephen M. Doniger, Esq.
Howard Han, Esq.
Attorney for Counter-Defendant
STAR FABRICS, INC.

# DECLARATION OF HOWARD S. HAN

I, Howard S. Han, Esq., am above eighteen years of age and an attorney at Doniger/Burroughs APC, counsel for Plaintiff and Cross-Defendant Star Fabrics, Inc. I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify hereto.

1. On October 20, 2014, I received an email from Mr. Mark Kramer, counsel for Defendants. In that email, Mr. Kramer informed me that the claims regarding one of the designs at issue (Design 62268) concerned fabric that was purchased from Star. Attached hereto as **Exhibit 1** is a true and correct copy of that email.

2. On October 21, 2014, Mr. Stephen M. Doniger, a partner at my firm, replied to Mr. Kramer, requesting documents to verify said sales. Attached hereto as **Exhibit 2** is a true and correct copy of that email.

3. On October 22, 2014, I received an email from Mr. Kramer that attached the requested documents showing that Seventh Avenue, Inc. purchased fabric bearing Design 62268 in 2010. Attached hereto as **Exhibit 3** is a true and correct copy of that email.

4. On November 21, 2014, Mr. Doniger sent an email to Mr. Kramer stating that Star would agree to drop its claims regarding Design 62268 and requested that Mr. Kramer stipulate to a dismissal. Attached hereto as **Exhibit 4** is a true and correct copy of that email.

5. On November 24, 2014, I sent another email to Mr. Kramer reiterating Star's willingness to dismiss the claims related to Design 62268. In that email, I also represented that Star would not pursue any claims related to Design 42303. Attached hereto as **Exhibit 5** is a true and correct copy of that email.

6. On December 1, 2014, Mr. Doniger sent an email to Mr. Kramer in order to meet and confer pursuant to C.D. Cal. Local Rule 7-19 prior to the filing of this motion to dismiss. Attached hereto as **Exhibit 6** is a true and correct copy of that email. Despite good faith negotiations, no agreement could be reached.

7. On December 30, 2014, Mr. Doniger sent an email to Mr. Kramer that provided defendants with a signed covenant not to pursue claims regarding Designs 42303 and 62268. Attached hereto as **Exhibit 7** is a true and correct copy of that email and the attached covenant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 30, 2014 in Venice, California.

By: /s/ Howard S. Han
Howard S. Han
Declarant