# Gressel Declaration

# DECLARATION OF GAL GRESSEL

I, Gal Gressel, hereby declare as follows:

1. I am an active member of the State Bar of California. I am a member of Conkle, Kremer & Engel, whose members are counsel of record for Defendants Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC ("Defendants"). I make this declaration of facts known to me and, if called upon, I could and would testify competently to the facts stated herein.

2. On March 3, 2015 I met and conferred with counsel for Star Fabrics, Inc. ("Star Fabrics"), Stephen Doniger and Howard Han on the discovery disputes set forth in the Joint Stipulation. On May 4, 2015, I met and conferred again with Mr. Han on these disputes. During the meet and confers, Plaintiff stated that it was not withholding any documents on the basis of its objections. The parties reached agreement on some disputes but not others.

3. A true and correct copy of Plaintiff's Complaint is attached as Exhibit A, although I have included red boxes in some places to draw certain information to the Court's attention.

4. A true and correct copy of Plaintiff's Supplemental Initial Disclosures is attached as Exhibit B, although I have included red boxes in some places to draw certain information to the Court's attention.

5. Attached as Exhibit C is a true and correct copy of the definitions Defendants used in propounding the discovery requests at issue. To reduce the amount of pages filed with the court, extraneous pages have been removed.

6. Exhibits D-L are true and correct copies of Plaintiff's responses to Defendants' Requests for Production of Documents, Special Interrogatories, and Requests for Admission.

7. Exhibits M is a true and correct copy of a meet and confer letter I sent to Plaintiff's counsel on February 24, 2015.

8. Exhibit N is a true and correct copy of an email I received from Plaintiff's counsel which states that Plaintiff has and will produce certain cease and desist letters related to Subject Designs 64641 and 61361. Plaintiff has not produced those cease and desist letters despite multiple representations that it would do so.

9. Exhibit O is a true and correct copy of a meet and confer letter I sent to Plaintiff's counsel on April 27, 2015.

10. Exhibit P is a true and correct copy of a confirming letter I sent to Plaintiff's counsel on May 11, 2015 after our final meet and confer. As the letter states, Plaintiff agreed to produce responsive documents for RFP Nos. 25-27, 29, 39, and 44-48. Plaintiff had agreed to produce such documents earlier, but after months of agreement has not produced many of the documents called for.

11. Exhibit Q is a true and correct copy of examples of financial documents Plaintiff has produced. Plaintiff has marked these documents "Highly Confidential – Attorneys' Eyes Only" and so Defendants will request that the Court accept them under seal. While Plaintiff has produced documents that show its revenues and sales of fabric bearing the Subject Designs, it has not produced any documents that show the expenses incurred in relation to the manufacture of the fabric, such as the cost of

fabric, employee sales commissions, or freight. Plaintiff had previously agreed to produce such documents, which would show its gross profits. Plaintiff has refused to produce any financials that would show company expenses. The earliest year for which Plaintiff claims to have acquired one or more of the Subject Designs at issue is 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct, and that this declaration was executed on May 21, 2015.

*/s/ Gal Gressel*
Gal Gressel

# Han Declaration

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STAR FABRICS, INC., a California Corporation,

Plaintiff,

vs.

MONROE & MAIN, INC., *et al.*,

Defendants.

Case No.: CV14-7125-MWF-Ex
*Hon. Michael W. Fitzgerald Presiding*

**DISCOVERY MATTER**

**DECLARATION OF HOWARD S. HAN IN SUPPORT OF JOINT STIPULATION REGARDING DEFENDANTS' MOTION TO COMPEL PURSUANT TO LOCAL RULE 37-2**

Magistrate: Hon. Charles F. Eick
Hearing Date: June 26, 2015
Time: 9:30 a.m.
Courtroom: 20 – 3rd Floor

# DECLARATION OF HOWARD S. HAN

I, Howard S. Han, am above eighteen years of age, and an attorney at Doniger/Burroughs APC, counsel for Plaintiff Star Fabrics, Inc. ("Star Fabrics" or "Plaintiff"). I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify hereto.

1. On March 3, 2015, Star produced its first document production to Defendants, bates number STAR000001-195. Attached hereto as Exhibit 1 is the proof of service for Star's first document production.
2. On May 15, 2015, Star produced its first document production to Defendants, bates number STAR000196-720. Attached hereto as Exhibit 2 is the proof of service for Star's second document production.
3. On May 15, 2015, I inadvertently omitted the two cease and desist letters from Star's second document production. These documents will be produced as part of Star's third document production on June 2, 2015.
4. On February 24, 2015, Star served requests for the production of documents to defendants Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC. To date, Star has yet to receive any documents whatsoever from the Defendants.
5. Attached hereto as Exhibit 3 is a true and correct copy of Star's 61921 design.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 1, 2015, at Venice, California.

By: /s/ Howard S. Han
Howard S. Han
Declarant

# Exhibit A

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONROE & MAIN, INC., a Wisconsin Corporation; SEVENTH AVENUE, INC., a Wisconsin Corporation; MIDNIGHT VELVET, INC., a Wisconsin Corporation; TAKE TWO CLOTHING CO., LLC, a New York Limited Liability Company; DESIGN ALTERNATIVES NY LLC, individually and doing business as "CENIA", a New York Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>AND<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT.<br><br><u>Jury Trial Demanded</u> |

Star Fabrics, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1440 East Walnut Street, Los Angeles, California 90011.

5. Plaintiff is informed and believes and thereon alleges that Defendant MONROE & MAIN, INC. ("MONROE") is a corporation organized and existing under the laws of the state of Wisconsin, with its principal place of business located at 1112 7th Ave. Monroe, Wisconsin 53566, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant SEVENTH AVENUE, INC. ("SEVENTH") is a corporation organized and existing under the laws of the state of Wisconsin, with its principal place of business located at 1112 7th Ave. Monroe, Wisconsin 53566, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant MIDNIGHT VELVET, INC. ("MIDNIGHT") is corporation organized and existing under the laws of the state of Wisconsin, with its principal place of business located

at 1112 7th Ave. Monroe, Wisconsin 53566, and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant TAKE TWO CLOTHING CO., LLC ("TAKE TWO") is a limited liability company organized and existing under the laws of the state of New York, with its principal place of business located at 1407 Broadway, Room 1920, New York, NY 10018, and is doing business in and with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant DESIGN ALTERNATIVES NY LLC, individually and doing business as "CENIA", ("CENIA") is a limited liability company organized and existing under the laws of the state of New York, with its principal place of business located at 1375 Broadway, 3rd Floor, New York, NY 10018, and is doing business in and with the state of California.

10.Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and

circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGN NO. 61921**

12. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 61921 ("Subject Design A").

13. Plaintiff applied for and received a United States Copyright Registration for Subject Design A.

14. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

15. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design A, MONROE, SEVENTH, DOE Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design A (hereinafter "Subject Product A"), including but not limited to garments sold by MONROE under Item No. LM59399 bearing the MONROE label and RN 98966, indicating that it was manufactured by or for SEVENTH.

16.An image of Subject Design A and an exemplar of Subject Product A are set forth hereinbelow:

///

///

///

///

///

///

///

Subject Design A



Subject Product A



**CLAIMS RELATED TO DESIGN NO. 64641**

17.Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 64641 ("Subject Design B").

18. Plaintiff applied for and received a United States Copyright Registration for Subject Design B.

19. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

20. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design B, MONROE, SEVENTH, MIDNIGHT, DOE Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design B (hereinafter "Subject Product B") without Plaintiff's authorization, including but not limited to garments sold by:

a. MONROE under Item No. WI56023 bearing the MONROE label and RN 98966, indicating that it was manufactured by or for SEVENTH; and

b. MIDNIGHT under Item No. LM56023 bearing the MONROE label and RN 98966, indicating that it was manufactured by or for SEVENTH.

21. An image of Subject Design B and an exemplar of Subject Product B are set forth hereinbelow:

Subject Design B



Subject Product B



**CLAIMS RELATED TO DESIGN NO. 61361**

22. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 61361 ("Subject Design C").

23. Plaintiff applied for and received a United States Copyright Registration for Subject Design C.

24. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design C to numerous parties in the fashion and apparel industries.

25. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design C, MONROE, TAKE TWO, DOE Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or

garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design C (hereinafter "Subject Product C") without Plaintiff's authorization, including but not limited to garments sold by MONROE under Item No. WD56517 bearing the MONROE label and RN 101260, indicating that it was manufactured by or for TAKE TWO. An image of Subject Design C and an exemplar of Subject Product C are set forth hereinbelow:

Subject Design C



Subject Product C



**CLAIMS RELATED TO DESIGN NO. 62268**

1. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 62268 ("Subject Design D").

2. Plaintiff applied for and received a United States Copyright Registration for Subject Design D.

3. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design D to numerous parties in the fashion and apparel industries.

4. Plaintiff is informed and believes and thereon alleges that following this

distribution of product bearing Subject Design D, MIDNIGHT, CENIA, SEVENTH, DOE Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design D (hereinafter "Subject Product D") without Plaintiff's authorization, including but not limited to garments sold by MIDNIGHT under Item No. VW67980 and bearing the CENIA label and RN 98966, indicating that it was manufactured by or for SEVENTH. An image of Subject Design D and an exemplar of Subject Product D are set forth hereinbelow:

Subject Design D



Subject Product D



**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

5. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

6. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs A, B, C, and D (collectively, "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom

and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Designs.

7. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Designs, or were an illegal modification thereof.

8. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling Subject Products through a nationwide network of retail stores, catalogues, and through on-line websites.

9. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

10. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Designs in an amount to be established at trial.

11. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

12. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring Subject Designs as alleged herein.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

15. By reason of the Defendants', and each of their, acts of copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

16. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of

their, profits directly and indirectly attributable to Defendants' infringement of Subject Designs, in an amount to be established at trial.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs;
b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;
d. That Plaintiff be awarded pre-judgment interest as allowed by law;
e. That Plaintiff be awarded the costs of this action; and
f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

///

///

Dated: September 11, 2014

DONIGER/BURROUGHS

By: <u>/s/ Stephen M. Doniger</u>
Stephen M. Doniger, Esq.
Howard S. Han, Esq.
Attorneys for Plaintiff

# Exhibit B

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MONROE & MAIN, INC.; *et al.*,<br><br>Defendants.<br><br>And related counter-claims. | Case No.: CV14-7125-MWF (Ex)<br>*Hon. Michael W. Fitzgerald Presiding*<br><br>**PLAINTIFF STAR FABRIC, INC.'S SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURES** |

Plaintiff Star Fabrics, Inc. ("Star Fabrics" or "Plaintiff"), hereby makes the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Star Fabrics is still in the process of compiling evidence in this matter. With the filing of this document, Star Fabrics expressly reserves the right to modify, amend, or otherwise supplement its Initial Disclosures as set forth below in light of

on-going and additional investigation, information, and developments in this lawsuit. In making these Initial Disclosures, Star Fabrics does not represent it is identifying every document, tangible thing, or witness possibly germane to the matter at hand. However, Star Fabrics' initial disclosures represent a good faith effort to identify all information it reasonably believes is required by Rule 26(a)(1).

A. **Witnesses**

Besides those witnesses identified by and represented by counsel for Star Fabrics in its Complaint and subsequent filings, and those identified by and represented by counsel for Defendants in their respective Answers and subsequent filings, the following other witnesses may have relevant information, as indicated:

(1) Adir Haroni, Star Fabrics, Inc., 1440 Walnut St., Los Angeles, CA 90011; reachable through the undersigned counsel, who has information regarding the purchase, sampling and sales of the 61921, 64641, 61361, and 62268 designs, the designs' copyright registration, the discovery of the infringement and purchase of infringing garments, Star Fabrics' business, and its lost profits claims.

(2) Jack Jones Design, Unit 7, 14-16 Meredith St., London, EC1R 0AE, United Kingdom; which has information regarding the creation and assignment of rights to Star Fabrics of designs 61921 and 64641.

(3) Amanda Kelly Design Studio, 142 Southwark Bridge Rd., London SE1 0DG, United Kingdom; which has information regarding the creation and assignment of rights to Star Fabrics of design 62268.

(4) Defendant Retailers' "Person Most Knowledgeable" regarding the obtainment of the goods at issue, including, without limitation, garments, and the obtainment and/or licensing of the intellectual property rights attendant to the goods at issue.

(5) Defendant Vendors' "Person Most Knowledgeable" regarding the importation, purchasing, shipping, distribution, pricing, and sales of the fabric and/or garments at issue.

(6) Defendant Vendors' "Person Most Knowledgeable" regarding the obtainment of fabric and/or garments at issue, and the obtainment and/or licensing of the intellectual property rights attendant to said fabric and/or garments at issue.

(7) Blue Studio, Via XX Settembre, 10, 22100 Como, Italy; which has information regarding the creation of design 61361.

(8) Lisa s.p.a.; via per Fenegro 26, Veniano (co), 22070, ITALY; Tel: +39 031 972711; which has information regarding the creation and assignment of rights to Star Fabrics of design 61361.

**B. <u>Documents</u>**

(1) Documents reflecting Star Fabrics' purchase of the designs at issue, including their registration with the copyright office;

(2) Documents showing the calculation of Star Fabrics' profits on sales of fabric;

(3) Invoices and purchase orders for the print designs at issue in the possession of Star Fabrics;

(4) Other miscellaneous documents related to the print designs at issue in the possession of Star Fabrics;

(5) Documents showing the file histories of the copyrights held by Star Fabrics;

(6) Documents showing the offering for sale of the print designs at issue;

(7) Sales documents related to the print designs at issue in the possession of Star Fabrics;

(8) Cease and Desist letters sent to Defendants providing notice that said Defendants are transacting in certain products which infringe upon Star Fabrics' intellectual property rights;

(9) Documents reflecting Defendants' access to the designs at issue and sales of the garments at issue; and

(10) Import documents showing the illegal importation of the garments at issue.

**C. Damages**

Star Fabrics was denied the profits it would have made on the order of fabric that Defendants purchased from third parties overseas. In connection with said fabric, Star Fabrics would be entitled to the monies paid by the clothing vendor Defendants to their illicit vendor for the knock-off fabric, or the at least $0.95 - $1.90 per yard profit Star Fabrics would have made on this transaction if they had lawfully purchased the fabric from Star Fabrics.

Star Fabrics has also suffered a diminution in the market value for fabric bearing the designs at issue, and has suffered a loss of the monies paid developing and marketing said designs. Star Fabrics also seeks to recover damages from Defendants in the form of said parties' disgorgeable profits pursuant to 17 U.S.C. § 504. In addition to its actual damages, Star Fabrics is entitled to any profits reaped by the parties which trafficked in the infringing goods, as a prevailing copyright owner is entitled to recover "any profits of the infringer that are attributable to the infringement," 17 U.S.C. § 504(b); *Transgo, Inc. v. Ajac Transmission Parts, Corp.*, 768 F.2d 1001 (9th Cir. 1985) ("all gross revenue is presumed to be profit attributable to the infringement"). It is clear from the facts that Star Fabrics would be entitled to the profits gained by the Defendants through their infringement as well as all profits of the other parties in the chain of distribution, and interest thereupon. Star Fabrics would be entitled to recover the monies saved or reaped by

Defendants in connection with their infringement. Star Fabrics will also seek its costs and attorneys' fees as incurred in connection with the action.

**D. Insurance**

Star Fabrics does not maintain insurance to protect itself against the misappropriation and theft of its designs and/or the infringement of its intellectual property rights.

DONIGER / BURROUGHS

Date: February 11, 2015

By: ______________________

Stephen M. Doniger, Esq.
Howard S. Han, Esq.
Attorneys for Plaintiff

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Avenue, Venice, California 90291.

On February 11, 2015, I served the ENCLOSED documents described as: **PLAINTIFF STAR FABRIC, INC.'S SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURES** on the following necessary part(ies) in this action:

**Mark D Kremer**
**Conkle Kremer and Engel**
**3130 Wilshire Blvd Suite 500**
**Santa Monica, CA 90403-2351**

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY HAND DELIVERY

☐ I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

☒ BY MAIL

☒ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒ BY ELECTRONIC MAIL TRANSMISSION

☒ On this date, I caused such documents to be delivered via e-mail to the addressee(s) designated above.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

EXECUTED February 11, 2015, in Venice, California.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

Grace Garcia

# Exhibit C

Mark D. Kremer (SB# 100978)
*m.kremer@conklelaw.com*
Gal Gressel (SB# 286312)
*g.gressel@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Defendants Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONROE & MAIN, INC., a Wisconsin Corporation; SEVENTH AVENUE, INC., a Wisconsin Corporation; MIDNIGHT VELVET, INC., a Wisconsin Corporation; TAKE TWO CLOTHING CO., LLC, a New York Limited Liability Company; DESIGN ALTERNATIVES NY LLC, individually and doing business as "CENIA", a New York Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | CASE No. CV14-07125-MWF-E<br><br>**DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET ONE (RE DESIGN 61361)**<br><br>Honorable Michael W. Fitzgerald, Presiding<br><br>Honorable Charles F. Eick, Magistrate Judge<br><br>Action Filed: September 11, 2014<br>Trial Date: None |

PROPOUNDING PARTY: DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC

RESPONDING PARTY: STAR FABRICS, INC.

SET NO.: ONE

Pursuant to Federal Rule of Civil Procedure 34, Defendants Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC (collectively referred to as "Defendants") by and through their undersigned counsel, hereby requests that Plaintiff Star Fabrics, Inc. respond to the following Requests for Production of Documents and to produce documents and tangible things sought within **thirty (30)** days of service pursuant to the Federal Rules of Civil Procedure at the law offices of Conkle, Kremer & Engel, PLC, 3130 Wilshire Blvd., Suite 500, Santa Monica, CA 90403.

You must serve a written response signed under oath within 30 days of service of this request. Your responses shall separately state with respect to each request that the inspection will be allowed as requested, unless the request is objected to, in which case the response shall identify with particularity any document or item falling within any category to which an objection is being made and shall set forth clearly the reasons for the objection. If an objection is made to part of a request, that part shall be specified.

If a claim of privilege is made with respect to a document or any part thereof, the party or parties claiming the privilege shall furnish a description of such document or documents for which the privilege is claimed, reflecting the following information: date, subject matter, name(s) and address(es) of each person who prepared, received,

reviewed or had possession, custody and/or control of the document, and a statement of the basis on which the document is withheld from production.

## DEFINITIONS

1. The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

2. The term "COMMUNICATION" or "COMMUNICATIONS" refers to any form of oral, written, recorded, verbal, graphic, or non-verbal communication, whether in person, by telephonic, electronic, optical, or mechanical transmission, and whether pre-arranged or by chance or coincidence.

3. The term "COMPLAINT" refers to the Complaint filed by Star Fabrics, Inc. in the above-captioned action and any amendment(s) thereto.

4. The term "DOCUMENT" means any "writings" or "recordings" as defined in Rule 1001 of the Federal Rules of Evidence, and includes the original and all copies and duplicates of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, images, pictures, sounds, or symbols, or combinations of them. It includes, without limitation, notes, memoranda, letters, reports, telegrams, publications, contracts, computer files, records (including audio tapes, video tapes, computer discs, tapes, CD-ROM and internal memory), electronic mail ("E-mail"), including deleted e-mails, and transcriptions of recordings. It further includes, without limitation, all file copies, all other non-conforming copies, no matter how prepared, and all drafts prepared in connection with such documents, whether completed or not. Without limitation of the foregoing, it includes all duplicates that contain notations or modifications of any kind, whether on the front,

back or on attachments, enclosures or on other referenced DOCUMENTS. It further includes all attachments and enclosures to any DOCUMENT, as well as the file label, file folder label, file drawer label and box label in which each DOCUMENT is located.

5. The term "IDENTIFY" with respect to:

(a) PERSONS means to give to the extent known, the full name and the last business affiliation, business address, and residence address known to YOU;

(b) COMMUNICATIONS means where and when it took place, who was present, and, with as much detail as possible, the substance of what each participant said; or

(c) DOCUMENTS means to give, to the extent known, the (i) type of document or thing; (ii) general subject matter; (iii) date of creation; and (iv) author(s), addressee(s) and recipient(s).

6. The term "COPYRIGHT 61361" refers to YOUR alleged copyright in the work referred to in paragraph 22 of the Complaint as Subject Design C.

7. The term "DEFENDANTS' 61361 WORKS" refers to the fabric allegedly sold by DEFENDANTS that YOU claims infringes COPYRIGHT 61361.

8. The term "MIDNIGHT" means Midnight Velvet, Inc. and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

9. The term "MONROE" means Monroe & Main, Inc. and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

10. The term "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, corporation, company or public entity.

11. The terms "PLAINTIFF", "YOU", and "YOUR" means Star Fabrics, Inc. and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

12. The term "PLAINTIFF'S 61361 WORKS" refers to any item or good to which Plaintiff has applied or incorporated COPYRIGHT 61361.

13. The term "SEVENTH" means Seventh Avenue, Inc., and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

14. The term "SKU" means a number or code used to identify each unique product or item, commonly associated with a product's bar code.

15. The term "TAKE TWO" means Take Two Clothing Co., LLC., and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

Mark D. Kremer (SB# 100978)
*m.kremer@conklelaw.com*
Gal Gressel (SB# 286312)
*g.gressel@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Defendants Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONROE & MAIN, INC., a Wisconsin Corporation; SEVENTH AVENUE, INC., a Wisconsin Corporation; MIDNIGHT VELVET, INC., a Wisconsin Corporation; TAKE TWO CLOTHING CO., LLC, a New York Limited Liability Company; DESIGN ALTERNATIVES NY LLC, individually and doing business as "CENIA", a New York Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | CASE No. CV14-07125-MWF-E<br><br>**DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET TWO (RE DESIGN 61921)**<br><br>Honorable Michael W. Fitzgerald, Presiding<br><br>Honorable Charles F. Eick, Magistrate Judge<br><br>Action Filed: September 11, 2014<br>Trial Date: None |

PROPOUNDING PARTY: DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC

RESPONDING PARTY: STAR FABRICS, INC.

SET NO.: TWO

Pursuant to Federal Rule of Civil Procedure 34, Defendants Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC (collectively referred to as "Defendants") by and through their undersigned counsel, hereby requests that Plaintiff Star Fabrics, Inc. respond to the following Requests for Production of Documents and to produce documents and tangible things sought within **thirty (30)** days of service pursuant to the Federal Rules of Civil Procedure at the law offices of Conkle, Kremer & Engel, PLC, 3130 Wilshire Blvd., Suite 500, Santa Monica, CA 90403.

You must serve a written response signed under oath within 30 days of service of this request. Your responses shall separately state with respect to each request that the inspection will be allowed as requested, unless the request is objected to, in which case the response shall identify with particularity any document or item falling within any category to which an objection is being made and shall set forth clearly the reasons for the objection. If an objection is made to part of a request, that part shall be specified.

If a claim of privilege is made with respect to a document or any part thereof, the party or parties claiming the privilege shall furnish a description of such document or documents for which the privilege is claimed, reflecting the following information: date, subject matter, name(s) and address(es) of each person who prepared, received,

reviewed or had possession, custody and/or control of the document, and a statement of the basis on which the document is withheld from production.

## DEFINITIONS

1. The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

2. The term "COMMUNICATION" or "COMMUNICATIONS" refers to any form of oral, written, recorded, verbal, graphic, or non-verbal communication, whether in person, by telephonic, electronic, optical, or mechanical transmission, and whether pre-arranged or by chance or coincidence.

3. The term "COMPLAINT" refers to the Complaint filed by Star Fabrics, Inc. in the above-captioned action and any amendment(s) thereto.

4. The term "DOCUMENT" means any "writings" or "recordings" as defined in Rule 1001 of the Federal Rules of Evidence, and includes the original and all copies and duplicates of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, images, pictures, sounds, or symbols, or combinations of them. It includes, without limitation, notes, memoranda, letters, reports, telegrams, publications, contracts, computer files, records (including audio tapes, video tapes, computer discs, tapes, CD-ROM and internal memory), electronic mail ("E-mail"), including deleted e-mails, and transcriptions of recordings. It further includes, without limitation, all file copies, all other non-conforming copies, no matter how prepared, and all drafts prepared in connection with such documents, whether completed or not. Without limitation of the foregoing, it includes all duplicates that contain notations or modifications of any kind, whether on the front,

back or on attachments, enclosures or on other referenced DOCUMENTS. It further includes all attachments and enclosures to any DOCUMENT, as well as the file label, file folder label, file drawer label and box label in which each DOCUMENT is located.

5. The term "IDENTIFY" with respect to:

(a) PERSONS means to give to the extent known, the full name and the last business affiliation, business address, and residence address known to YOU;

(b) COMMUNICATIONS means where and when it took place, who was present, and, with as much detail as possible, the substance of what each participant said; or

(c) DOCUMENTS means to give, to the extent known, the (i) type of document or thing; (ii) general subject matter; (iii) date of creation; and (iv) author(s), addressee(s) and recipient(s).

6. The term "COPYRIGHT 61921" refers to YOUR alleged copyright in the work referred to in paragraph 12 of the Complaint as Subject Design A.

7. The term "DEFENDANTS' 61921 WORKS" refers to the fabric allegedly sold by DEFENDANTS that YOU claims infringes COPYRIGHT 61921.

8. The term "MIDNIGHT" means Midnight Velvet, Inc. and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

9. The term "MONROE" means Monroe & Main, Inc. and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

10. The term "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, corporation, company or public entity.

11. The terms "PLAINTIFF", "YOU", and "YOUR" means Star Fabrics, Inc. and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

12. The term "PLAINTIFF'S 61921 WORKS" refers to any item or good to which Plaintiff has applied or incorporated COPYRIGHT 61921.

13. The term "SEVENTH" means Seventh Avenue, Inc., and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

14. The term "SKU" means a number or code used to identify each unique product or item, commonly associated with a product's bar code.

15. The term "TAKE TWO" means Take Two Clothing Co., LLC., and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

Mark D. Kremer (SB# 100978)
*m.kremer@conklelaw.com*
Gal Gressel (SB# 286312)
*g.gressel@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Defendants Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MONROE & MAIN, INC., a Wisconsin Corporation; SEVENTH AVENUE, INC., a Wisconsin Corporation; MIDNIGHT VELVET, INC., a Wisconsin Corporation; TAKE TWO CLOTHING CO., LLC, a New York Limited Liability Company; DESIGN ALTERNATIVES NY LLC, individually and doing business as "CENIA", a New York Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | CASE No. CV14-07125-MWF-E<br><br>**DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET THREE (RE DESIGN 64641)**<br><br>Honorable Michael W. Fitzgerald, Presiding<br><br>Honorable Charles F. Eick, Magistrate Judge<br><br>Action Filed: September 11, 2014<br>Trial Date: None |

PROPOUNDING PARTY: DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC

RESPONDING PARTY: STAR FABRICS, INC.

SET NO.: THREE

Pursuant to Federal Rule of Civil Procedure 34, Defendants Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC (collectively referred to as "Defendants") by and through their undersigned counsel, hereby requests that Plaintiff Star Fabrics, Inc. respond to the following Requests for Production of Documents and to produce documents and tangible things sought within **thirty (30)** days of service pursuant to the Federal Rules of Civil Procedure at the law offices of Conkle, Kremer & Engel, PLC, 3130 Wilshire Blvd., Suite 500, Santa Monica, CA 90403.

You must serve a written response signed under oath within 30 days of service of this request. Your responses shall separately state with respect to each request that the inspection will be allowed as requested, unless the request is objected to, in which case the response shall identify with particularity any document or item falling within any category to which an objection is being made and shall set forth clearly the reasons for the objection. If an objection is made to part of a request, that part shall be specified.

If a claim of privilege is made with respect to a document or any part thereof, the party or parties claiming the privilege shall furnish a description of such document or documents for which the privilege is claimed, reflecting the following information: date, subject matter, name(s) and address(es) of each person who prepared, received, reviewed or had possession, custody and/or control of the document, and a statement of the basis on which the document is withheld from production.

## DEFINITIONS

1. The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

2. The term "COMMUNICATION" or "COMMUNICATIONS" refers to any form of oral, written, recorded, verbal, graphic, or non-verbal communication, whether in person, by telephonic, electronic, optical, or mechanical transmission, and whether pre-arranged or by chance or coincidence.

3. The term "COMPLAINT" refers to the Complaint filed by Star Fabrics, Inc. in the above-captioned action and any amendment(s) thereto.

4. The term "DOCUMENT" means any "writings" or "recordings" as defined in Rule 1001 of the Federal Rules of Evidence, and includes the original and all copies and duplicates of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, images, pictures, sounds, or symbols, or combinations of them. It includes, without limitation, notes, memoranda, letters, reports, telegrams, publications, contracts, computer files, records (including audio tapes, video tapes, computer discs, tapes, CD-ROM and internal memory), electronic mail ("E-mail"), including deleted e-mails, and transcriptions of recordings. It further includes, without limitation, all file copies, all other non-conforming copies, no matter how prepared, and all drafts prepared in connection with such documents, whether completed or not. Without limitation of the foregoing, it includes all duplicates that contain notations or modifications of any kind, whether on the front, back or on attachments, enclosures or on other referenced DOCUMENTS. It further includes all attachments and enclosures to any DOCUMENT, as well as the file label, file folder label, file drawer label and box label in which each DOCUMENT is located.

5. The term "IDENTIFY" with respect to:

(a) PERSONS means to give to the extent known, the full name and the last business affiliation, business address, and residence address known to YOU;

(b) COMMUNICATIONS means where and when it took place, who was present, and, with as much detail as possible, the substance of what each participant said; or

(c) DOCUMENTS means to give, to the extent known, the (i) type of document or thing; (ii) general subject matter; (iii) date of creation; and (iv) author(s), addressee(s) and recipient(s).

6. The term "COPYRIGHT 64641" refers to YOUR alleged copyright in the work referred to in paragraph 17 of the Complaint as Subject Design B.

7. The term "DEFENDANTS' 64641 WORKS" refers to the fabric allegedly sold by DEFENDANTS that YOU claims infringes COPYRIGHT 64641.

8. The term "MIDNIGHT" means Midnight Velvet, Inc. and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

9. The term "MONROE" means Monroe & Main, Inc. and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

10. The term "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, corporation, company or public entity.

11. The terms "PLAINTIFF", "YOU", and "YOUR" means Star Fabrics, Inc. and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

12. The term "PLAINTIFF'S 64641 WORKS" refers to any item or good to which Plaintiff has applied or incorporated COPYRIGHT 64641.

13. The term "SEVENTH" means Seventh Avenue, Inc., and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

14. The term "SKU" means a number or code used to identify each unique product or item, commonly associated with a product's bar code.

15. The term "TAKE TWO" means Take Two Clothing Co., LLC., and every other PERSON or entity acting on its behalf, including its officers, directors, partners, employees, agents, attorneys, and accountants, and each of its predecessors, successors, subsidiaries, parents, and affiliated entities, all jointly and severally.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS CONCERNING the author(s) of COPYRIGHT 64641.

# Exhibit D

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Ave.
Venice, California 90291
Telephone: (310) 590-1820

RECEIVED
FEB 16 2015
CK&E PLC

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

STAR FABRICS, INC., a California Corporation,

Plaintiff,

v.

MONROE & MAIN, INC., a Wisconsin Corporation; *et al.*

Defendants.

Case No. CV14-07125-MWF-E

**PLAINTIFF'S RESPONSES TO DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET ONE (RE DESIGN 61361)**

PROPOUNDING PARTY: MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., TAKE TWO CLOTHING CO., LLC.

RESPONDING PARTY: STAR FABRICS, INC.

SET: ONE

///

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. §34, Plaintiff hereby responds to the Requests for Production of Documents (Set One) propounded by Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC. as follows:

The answers contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any interrogatory. Plaintiff does not concede the relevance or materiality of any request for production, or the subject matter to which any request refers. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein, if the request for production were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request for production herein has been answered should not be taken as an admission or a concession of

the existence of any facts set forth or assumed by such request, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

**<u>REQUEST NO. 1:</u>**

All DOCUMENTS CONCERNING the author(s) of COPYRIGHT 61361.

**<u>RESPONSE TO REQUEST NO. 1:</u>**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**<u>REQUEST NO. 2:</u>**

All DOCUMENTS CONCERNING the conception, design, and creation of COPYRIGHT 61361, including the date and location where it was created.

**<u>RESPONSE TO REQUEST NO. 2:</u>**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as being unintelligible—a copyright is not susceptible to being "conceived or designed." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**<u>REQUEST NO. 3:</u>**

All DOCUMENTS CONCERNING all ownership or use interests in

COPYRIGHT 61361, including any acquisition, transfer, assignment, or licensing agreements.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 4:**

All DOCUMENTS CONCERNING any search investigations or studies CONCERNING the scope, validity or enforceability of COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "search investigations" and "studies." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 5:**

All U.S. and foreign copyright registrations and applications, including deposit copies, for COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff further objects to it as overbroad as to "foreign copyright registrations." Without waiving the foregoing objections, Plaintiff will produce

nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 6:**

All DOCUMENTS CONCERNING the originality and copyrightability of COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is unintelligible to the extent is seeks documents related to the "copyrightability" of a copyright. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 7:**

All DOCUMENTS CONCERNING the conception, design, and creation of each of PLAINTIFF'S 61361 WORKS, including the date and location where each work was created.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "conception." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

///

///

**REQUEST NO. 8:**

All DOCUMENTS CONCERNING equipment to produce fabric incorporating COPYRIGHT 61361, including plates, molds, drawings, models, rubbers, waxes, dyes, and patterns.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "incorporating." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 9:**

DOCUMENTS sufficient to show selvage of PLAINTIFF'S 61361 WORKS.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "selvage." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 10:**

Produce for inspection the plates, molds, or any other devices used to print any fabric bearing COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or

trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "plates, molds, or any other devices." Plaintiff further objects that this request seeks documents irrelevant to any matter at issue in this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 11:**

Produce, in native format with metadata intact, all computer files or other DOCUMENTS used to create the work which was submitted to the U.S. Copyright Office for COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "metadata." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 12:**

All DOCUMENTS CONCERNING the original artwork for COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "all documents." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 13:**

All DOCUMENTS CONCERNING other works upon which COPYRIGHT 61361 is based.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "based." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 14:**

All DOCUMENTS CONCERNING all works reviewed or referred to during the creation of COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "reviewed or referred to." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 15:**

All DOCUMENTS CONCERNING all works reviewed or referred to during the creation of PLAINTIFF'S 61361 WORKS.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or

trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "reviewed or referred to." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 16:**

All DOCUMENTS CONCERNING all non-protectable elements of COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "non-protectable." Without waiving the foregoing objections, Plaintiff contends that there are no such elements, and, so owing, has no documents in its possession, custody, or control responsive to this request. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 17:**

All COMMUNICATIONS with the U.S. Copyright Office CONCERNING COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 18:**

All DOCUMENTS CONCERNING the marking of fabric incorporating

COPYRIGHT 61361 with a copyright notice.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 19:**

All DOCUMENTS CONCERNING any place or location, whether physical or not, where any PERSON could access COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "physical or not" and "access." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 20:**

All DOCUMENTS CONCERNING any place or location, whether physical or not, where any PERSON could access PLAINTIFF'S 61361 WORKS.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "physical or not" and "access." Without waiving the foregoing

objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 21:**

All DOCUMENTS CONCERNING YOUR assertion that DEFENDANTS had access to COPYRIGHT 61361 or PLAINTIFF'S 61361 WORKS.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 22:**

All DOCUMENTS CONCERNING where COPYRIGHT 61361 was first published, displayed, marketed, distributed, disseminated, or offered for sale.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "published." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 23:**

All DOCUMENTS CONCERNING advertising, marketing, distribution, or sale of PLAINTIFF'S 61361 WORKS.

///

///

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "advertising, marketing, distribution." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 24:**

DOCUMENTS sufficient to IDENTIFY the ownership, date of creation and date of termination of websites owned and controlled by PLAINTIFF, including but not limited to, www.starfabrics.com.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request on the basis that it seeks documents irrelevant to any matter in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 25:**

DOCUMENTS sufficient to IDENTIFY each supplier or manufacturer of fabric incorporating COPYRIGHT 61361 and each PERSON who acted on their behalf.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or

trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "each supplier." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 26:**

All COMMUNICATIONS with any supplier or manufacturer of fabric incorporating COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "reviewed or referred to." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 27:**

All DOCUMENTS CONCERNING the manufacture or creation of any fabric incorporating COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "creation." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

///

///

**REQUEST NO. 28:**

DOCUMENTS sufficient to show all fabric using or incorporating COPYRIGHT 61361 that was produced, distributed and/or disposed of by or on behalf of YOU.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "using," "incorporating," and "disposed." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 29:**

All DOCUMENTS CONCERNING the distribution, sale, or offer for sale of PLAINTIFF'S 61361 WORKS, including but not limited to invoices, customs documents, bills of lading, identification numbers of items in bills of lading, shipping documents, airway bills, custom broker documents and freight forwarder documents.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

/ / /

/ / /

**REQUEST NO. 30:**

Produce for inspection representative samples of each of PLAINTIFF'S 61361 WORKS.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as vague, ambiguous, overbroad as to "representative samples," and "each." Plaintiff objects that this request seeks documents pertaining to irrelevant information and is not reasonably calculated to the discovery of admissible evidence. Without waiving the foregoing, Plaintiff will make available fabric swatches bearing Plaintiff's Design for inspection at a mutually agreeable time. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 31:**

All DOCUMENTS CONCERNING each of DEFENDANTS' 61361 WORKS, including the goods described in YOUR complaint at paragraph 25 as "garments sold by MONROE under Item No. WD56517 bearing the MONROE label and RN 101260."

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 32:**

Produce for inspection all of DEFENDANTS' 61361 WORKS in YOUR

possession.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff will make available exemplars of the infringing garments at a mutually agreeable time. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 33:**

DOCUMENTS sufficient to depict each of PLAINTIFF'S 61361 WORKS.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as vague, ambiguous, overbroad as to "depict" and "each." Plaintiff objects that this request seeks documents pertaining to irrelevant information and is not reasonably calculated to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 34:**

All DOCUMENTS CONCERNING YOUR assertion that Defendants have infringed COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 35:**

All DOCUMENTS CONCERNING YOUR assertion that Defendants are vicariously liable for infringement of COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 36:**

All DOCUMENTS CONCERNING YOUR assertion that Defendants have contributory liability for infringement of COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 37:**

All DOCUMENTS CONCERNING any decision by YOU to cease using COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

///

///

**<u>REQUEST NO. 38:</u>**

All DOCUMENTS CONCERNING any instance that a PERSON manufactured or sold an item incorporating elements of COPYRIGHT 61361 without YOUR authorization

**<u>RESPONSE TO REQUEST NO. 38:</u>**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is vague, ambiguous, and overbroad as to "any instance," "incorporating," and "elements." Plaintiff further objects that this request seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**<u>REQUEST NO. 39:</u>**

All DOCUMENTS CONCERNING agreements with all PERSONS who have manufactured and/or supplied to YOU fabric that incorporates COPYRIGHT 61361, including but not limited to supplier, manufacturing, confidentiality, non-disclosure, assignment, license, and transfer agreements.

**<u>RESPONSE TO REQUEST NO. 39:</u>**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is vague, ambiguous, and overbroad as to "incorporates." Plaintiff further objects that this request seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

/ / /

**REQUEST NO. 40:**

All DOCUMENTS CONCERNING YOUR discovery of DEFENDANTS' alleged infringement of COPYRIGHT 61361, including investigation notes, receipts, invoices, shipping and packing slips, and witness accounts.

**RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is vague, ambiguous, and overbroad as to "witness accounts." Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 41:**

All DOCUMENTS CONCERNING other garments which YOU have knowledge of that are similar in appearance to any of PLAINTIFF'S 61361 WORKS.

**RESPONSE TO REQUEST NO. 41:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion and legal conclusion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "similar in appearance." The request seeks documents that are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

///

**REQUEST NO. 42:**

All DOCUMENTS CONCERNING any other work that is like or similar in appearance to COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 42:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any other work," "like," and "similar in appearance." The request seeks documents that are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 43:**

All DOCUMENTS CONCERNING the damages YOU claim to have suffered, whether general or special, due to DEFENDANTS' alleged infringement of COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 43:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects that a calculation of Plaintiff's damages in this matter is based in part on documents within Defendants' exclusive possession, custody, or control and that have not yet been provided to Plaintiff. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 44:**

DOCUMENTS sufficient to show the amount and calculation of YOUR revenues, expenses, and profits from YOUR sale of the PLAINTIFF'S 61361 WORKS, broken down by month and SKU, from the date YOU first offered PLAINTIFF'S 61361 WORKS for sale to the present.

**RESPONSE TO REQUEST NO. 44:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 45:**

DOCUMENTS sufficient to show YOUR variable expenses and costs associated with YOUR sale of PLAINTIFF'S 61361 WORKS, broken down by month, since first offering the PLAINTIFF'S 61361 WORKS for sale to the present.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks irrelevant documents that have no connection to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

/ / /

/ / /

/ / /

**REQUEST NO. 46:**

DOCUMENTS sufficient to show the quantity of PLAINTIFF'S 61361 WORKS YOU that have been sold, broken down by month and SKU, from the date YOU first offered PLAINTIFF'S 61361 WORKS for sale to the present.

**RESPONSE TO REQUEST NO. 46:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 47:**

All DOCUMENTS CONCERNING threats or cease and desist letters received or sent CONCERNING COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 47:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks irrelevant documents that have no connection to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 48:**

A copy of each Complaint filed by YOU or on YOUR behalf CONCERNING COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 48:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or

trade secrets doctrines. Plaintiff objects that this request seeks irrelevant documents with no relation to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 49:**

All YOUR prior interrogatory responses provided in any litigation CONCERNING COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 49:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad with regard to "any litigation." Plaintiff objects that this request seeks irrelevant documents with no relation to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 50:**

All YOUR prior requests for admission responses provided in any litigation CONCERNING COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 50:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as overbroad as to "any litigation." The request seeks documents that are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

///

**REQUEST NO. 51:**

A copy of each deposition transcript from any litigation CONCERNING COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 51:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as overbroad as to "any litigation." The request seeks deposition transcripts that have no bearing on, relation to, and are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 52:**

A copy of any declaration filed by YOU or on YOUR behalf CONCERNING COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 52:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any declaration." The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 53:**

A copy of each settlement agreement for any litigation CONCERNING COPYRIGHT 61361.

///

**RESPONSE TO REQUEST NO. 53:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any litigation." The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 54:**

All disclosed expert reports CONCERNING COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 54:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that the request is overbroad, vague, and ambiguous as to "all disclosed expert reports." Plaintiff further objects that this request seeks premature expert opinion. The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 55:**

All weekly, monthly, quarterly and annual summaries of sales of goods bearing COPYRIGHT 61361, including services or products sold and sales prices for the period 2007 to the present.

**RESPONSE TO REQUEST NO. 55:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff

responds that it will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 56:**

All economic damage or other analyses prepared by or on behalf of YOU relating to any litigation or alleged infringement CONCERNING COPYRIGHT 61361.

**RESPONSE TO REQUEST NO. 56:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any litigation." The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 57:**

YOUR monthly, quarterly, and year-end financial reports for the period 2007 to the present.

**RESPONSE TO REQUEST NO. 57:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as vague, ambiguous, and overbroad. The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

///

**REQUEST NO. 58:**

All general ledgers, year-end trial balances and general journals for the period 2007 to the present.

**RESPONSE TO REQUEST NO. 58:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as overbroad as to "general ledgers," "general journals," and "trial balances." The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 59:**

All budgets, forecasts, projections, one year or long term financial plans and management reports relating to anticipated sales and financial activity for the period 2007 to the present.

**RESPONSE TO REQUEST NO. 59:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "forecasts," "projections," and "financial plans." The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 60:**

All analyses and/or breakdowns of fixed and variable expenses and any documentation of expenses classified as fixed and variable by the company for the period 2007 to the present.

**RESPONSE TO REQUEST NO. 60:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 61:**

DOCUMENTS sufficient to IDENTIFY the form of business organization of PLAINTIFF and its date of legal organization.

**RESPONSE TO REQUEST NO. 61:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 62:**

DOCUMENTS sufficient to IDENTIFY each of PLAINTIFF'S past and present officers, directors, general or managing agents, owners, general partners, or shareholders who are active in PLAINTIFF'S affairs.

**RESPONSE TO REQUEST NO. 62:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as vague, ambiguous and overbroad. The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 63:**

DOCUMENTS sufficient to IDENTIFY each PERSON who holds a beneficial interest in PLAINTIFF and the percentage and amount of interest owned.

**RESPONSE TO REQUEST NO. 63:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as overbroad and propounded solely for the purposes of harassing Plaintiff. The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 64:**

All DOCUMENTS identified in PLAINTIFF'S Initial Disclosures.

**RESPONSE TO REQUEST NO. 64:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 65:**

All DOCUMENTS YOU intend to use at trial to support YOUR case-in-chief.

**RESPONSE TO REQUEST NO. 65:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will

produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

DONIGER / BURROUGHS

Dated: February 11, 2015 By: ______________________

Stephen M. Doniger, Esq.
Howard S. Han, Esq.
Attorney for Plaintiff

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Avenue, Venice, California 90291.

On February 11, 2015, I served the ENCLOSED documents described as: **PLAINTIFF'S RESPONSES TO DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET ONE (RE DESIGN 61361)** on the following necessary part(ies) in this action:

**Mark D Kremer**
**Conkle Kremer and Engel**
**3130 Wilshire Blvd Suite 500**
**Santa Monica, CA 90403-2351**

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY HAND DELIVERY

☐ I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

☒ BY MAIL

☒ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒ BY ELECTRONIC MAIL TRANSMISSION

☒ On this date, I caused such documents to be delivered via e-mail to the addressee(s) designated above.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

EXECUTED February 11, 2015, in Venice, California.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

Grace Garcia

# Exhibit E

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

RECEIVED
FEB 16 2015
CK&E PLC

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

STAR FABRICS, INC., a California Corporation,

Plaintiff,

v.

MONROE & MAIN, INC., a Wisconsin Corporation; *et al.*

Defendants.

Case No. CV14-07125-MWF-E

**PLAINTIFF'S RESPONSES TO DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET TWO (RE DESIGN 61921)**

PROPOUNDING PARTY: MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., TAKE TWO CLOTHING CO., LLC.

RESPONDING PARTY: STAR FABRICS, INC.

SET: TWO

///

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. §34, Plaintiff hereby responds to the Requests for Production of Documents (Set Two) propounded by Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC. as follows:

The answers contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any interrogatory. Plaintiff does not concede the relevance or materiality of any request for production, or the subject matter to which any request refers. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein, if the request for production were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request for production herein has been answered should not be taken as an admission or a concession of

the existence of any facts set forth or assumed by such request, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

**REQUEST NO. 1:**

All DOCUMENTS CONCERNING the author(s) of COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 2:**

All DOCUMENTS CONCERNING the conception, design, and creation of COPYRIGHT 61921, including the date and location where it was created.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as being unintelligible—a copyright is not susceptible to being "conceived or designed." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 3:**

All DOCUMENTS CONCERNING all ownership or use interests in

COPYRIGHT 61921, including any acquisition, transfer, assignment, or licensing agreements.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 4:**

All DOCUMENTS CONCERNING any search investigations or studies CONCERNING the scope, validity or enforceability of COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "search investigations" and "studies." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 5:**

All U.S. and foreign copyright registrations and applications, including deposit copies, for COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff further objects to it as overbroad as to "foreign copyright registrations." Without waiving the foregoing objections, Plaintiff will produce

nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 6:**

All DOCUMENTS CONCERNING the originality and copyrightability of COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is unintelligible to the extent is seeks documents related to the "copyrightability" of a copyright. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 7:**

All DOCUMENTS CONCERNING the conception, design, and creation of each of PLAINTIFF'S 61921 WORKS, including the date and location where each work was created.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "conception." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

///

///

**REQUEST NO. 8:**

All DOCUMENTS CONCERNING equipment to produce fabric incorporating COPYRIGHT 61921, including plates, molds, drawings, models, rubbers, waxes, dyes, and patterns.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "incorporating." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 9:**

DOCUMENTS sufficient to show selvage of PLAINTIFF'S 61921 WORKS.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "selvage." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 10:**

Produce for inspection the plates, molds, or any other devices used to print any fabric bearing COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or

trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "plates, molds, or any other devices." Plaintiff further objects that this request seeks documents irrelevant to any matter at issue in this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 11:**

Produce, in native format with metadata intact, all computer files or other DOCUMENTS used to create the work which was submitted to the U.S. Copyright Office for COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "metadata." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 12:**

All DOCUMENTS CONCERNING the original artwork for COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "all documents." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 13:**

All DOCUMENTS CONCERNING other works upon which COPYRIGHT 61921 is based.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "based." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 14:**

All DOCUMENTS CONCERNING all works reviewed or referred to during the creation of COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "reviewed or referred to." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 15:**

All DOCUMENTS CONCERNING all works reviewed or referred to during the creation of PLAINTIFF'S 61921 WORKS.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or

trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "reviewed or referred to." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 16:**

All DOCUMENTS CONCERNING all non-protectable elements of COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "non-protectable." Without waiving the foregoing objections, Plaintiff contends that there are no such elements, and, so owing, has no documents in its possession, custody, or control responsive to this request. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 17:**

All COMMUNICATIONS with the U.S. Copyright Office CONCERNING COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 18:**

All DOCUMENTS CONCERNING the marking of fabric incorporating

COPYRIGHT 61921 with a copyright notice.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 19:**

All DOCUMENTS CONCERNING any place or location, whether physical or not, where any PERSON could access COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "physical or not" and "access." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 20:**

All DOCUMENTS CONCERNING any place or location, whether physical or not, where any PERSON could access PLAINTIFF'S 61921 WORKS.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "physical or not" and "access." Without waiving the foregoing

objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 21:**

All DOCUMENTS CONCERN ING YOUR assertion that DEFENDANTS had access to COPYRIGHT 61921 or PLAINTIFF'S 61921 WORKS.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 22:**

All DOCUMENTS CONCERNING where COPYRIGHT 61921 was first published, displayed, marketed, distributed, disseminated, or offered for sale.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "published." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 23:**

All DOCUMENTS CONCERNING advertising, marketing, distribution, or sale of PLAINTIFF'S 61921 WORKS.

///

///

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "advertising, marketing, distribution." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 24:**

DOCUMENTS sufficient to IDENTIFY the ownership, date of creation and date of termination of websites owned and controlled by PLAINTIFF, including but not limited to, www.starfabrics.com.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request on the basis that it seeks documents irrelevant to any matter in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 25:**

DOCUMENTS sufficient to IDENTIFY each supplier or manufacturer of fabric incorporating COPYRIGHT 61921 and each PERSON who acted on their behalf.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or

trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "each supplier." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 26:**

All COMMUNICATIONS with any supplier or manufacturer of fabric incorporating COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "reviewed or referred to." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 27:**

All DOCUMENTS CONCERNING the manufacture or creation of any fabric incorporating COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "creation." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

///

///

**REQUEST NO. 28:**

DOCUMENTS sufficient to show all fabric using or incorporating COPYRIGHT 61921 that was produced, distributed and/or disposed of by or on behalf of YOU.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "using," "incorporating," and "disposed." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 29:**

All DOCUMENTS CONCERNING the distribution, sale, or offer for sale of PLAINTIFF'S 61921 WORKS, including but not limited to invoices, customs documents, bills of lading, identification numbers of items in bills of lading, shipping documents, airway bills, custom broker documents and freight forwarder documents.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

/ / /

/ / /

**REQUEST NO. 30:**

Produce for inspection representative samples of each of PLAINTIFF'S 61921 WORKS.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as vague, ambiguous, overbroad as to "representative samples," and "each." Plaintiff objects that this request seeks documents pertaining to irrelevant information and is not reasonably calculated to the discovery of admissible evidence. Without waiving the foregoing, Plaintiff will make available fabric swatches bearing Plaintiff's Design for inspection at a mutually agreeable time. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 31:**

All DOCUMENTS CONCERNING each of DEFENDANTS' 61921 WORKS, including the goods described in YOUR complaint at paragraph 15 as "garments sold by MONROE under Item No. LM59399 bearing the MONROE label and RN 98966."

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 32:**

Produce for inspection all of DEFENDANTS' 61921 WORKS in YOUR

possession.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff will make available exemplars of the infringing garments at a mutually agreeable time. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 33:**

DOCUMENTS sufficient to depict each of PLAINTIFF'S 61921 WORKS.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as vague, ambiguous, overbroad as to "depict" and "each." Plaintiff objects that this request seeks documents pertaining to irrelevant information and is not reasonably calculated to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 34:**

All DOCUMENTS CONCERNING YOUR assertion that Defendants have infringed COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 35:**

All DOCUMENTS CONCERNING YOUR assertion that Defendants are vicariously liable for infringement of COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 36:**

All DOCUMENTS CONCERNING YOUR assertion that Defendants have contributory liability for infringement of COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 37:**

All DOCUMENTS CONCERNING any decision by YOU to cease using COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

///

///

**REQUEST NO. 38:**

All DOCUMENTS CONCERNING any instance that a PERSON manufactured or sold an item incorporating elements of COPYRIGHT 61921 without YOUR authorization

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is vague, ambiguous, and overbroad as to "any instance," "incorporating," and "elements." Plaintiff further objects that this request seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 39:**

All DOCUMENTS CONCERNING agreements with all PERSONS who have manufactured and/or supplied to YOU fabric that incorporates COPYRIGHT 61921, including but not limited to supplier, manufacturing, confidentiality, non-disclosure, assignment, license, and transfer agreements.

**RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is vague, ambiguous, and overbroad as to "incorporates." Plaintiff further objects that this request seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

/ / /

**REQUEST NO. 40:**

All DOCUMENTS CONCERNING YOUR discovery of DEFENDANTS' alleged infringement of COPYRIGHT 61921, including investigation notes, receipts, invoices, shipping and packing slips, and witness accounts.

**RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is vague, ambiguous, and overbroad as to "witness accounts." Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 41:**

All DOCUMENTS CONCERNING other garments which YOU have knowledge of that are similar in appearance to any of PLAINTIFF'S 61921 WORKS.

**RESPONSE TO REQUEST NO. 41:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion and legal conclusion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "similar in appearance." The request seeks documents that are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

/ / /

**REQUEST NO. 42:**

All DOCUMENTS CONCERNING any other work that is like or similar in appearance to COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 42:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any other work," "like," and "similar in appearance." The request seeks documents that are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 43:**

All DOCUMENTS CONCERNING the damages YOU claim to have suffered, whether general or special, due to DEFENDANTS' alleged infringement of COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 43:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects that a calculation of Plaintiff's damages in this matter is based in part on documents within Defendants' exclusive possession, custody, or control and that have not yet been provided to Plaintiff. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 44:**

DOCUMENTS sufficient to show the amount and calculation of YOUR revenues, expenses, and profits from YOUR sale of the PLAINTIFF'S 61921 WORKS, broken down by month and SKU, from the date YOU first offered PLAINTIFF'S 61921 WORKS for sale to the present.

**RESPONSE TO REQUEST NO. 44:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 45:**

DOCUMENTS sufficient to show YOUR variable expenses and costs associated with YOUR sale of PLAINTIFF'S 61921 WORKS, broken down by month, since first offering the PLAINTIFF'S 61921 WORKS for sale to the present.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks irrelevant documents that have no connection to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

/ / /

/ / /

/ / /

**REQUEST NO. 46:**

DOCUMENTS sufficient to show the quantity of PLAINTIFF'S 61921 WORKS YOU that have been sold, broken down by month and SKU, from the date YOU first offered PLAINTIFF'S 61921 WORKS for sale to the present.

**RESPONSE TO REQUEST NO. 46:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 47:**

All DOCUMENTS CONCERNING threats or cease and desist letters received or sent CONCERNING COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 47:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks irrelevant documents that have no connection to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 48:**

A copy of each Complaint filed by YOU or on YOUR behalf CONCERNING COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 48:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or

trade secrets doctrines. Plaintiff objects that this request seeks irrelevant documents with no relation to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 49:**

All YOUR prior interrogatory responses provided in any litigation CONCERNING COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 49:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad with regard to "any litigation." Plaintiff objects that this request seeks irrelevant documents with no relation to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 50:**

All YOUR prior requests for admission responses provided in any litigation CONCERNING COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 50:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as overbroad as to "any litigation." The request seeks documents that are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

/ / /

**REQUEST NO. 51:**

A copy of each deposition transcript from any litigation CONCERNING COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 51:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as overbroad as to "any litigation." The request seeks deposition transcripts that have no bearing on, relation to, and are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 52:**

A copy of any declaration filed by YOU or on YOUR behalf CONCERNING COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 52:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any declaration." The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 53:**

A copy of each settlement agreement for any litigation CONCERNING COPYRIGHT 61921.

///

**RESPONSE TO REQUEST NO. 53:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any litigation." The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 54:**

All disclosed expert reports CONCERNING COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 54:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that the request is overbroad, vague, and ambiguous as to "all disclosed expert reports." Plaintiff further objects that this request seeks premature expert opinion. The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 55:**

All weekly, monthly, quarterly and annual summaries of sales of goods bearing COPYRIGHT 61921, including services or products sold and sales prices for the period 2007 to the present.

**RESPONSE TO REQUEST NO. 55:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff

responds that it will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 56:**

All economic damage or other analyses prepared by or on behalf of YOU relating to any litigation or alleged infringement CONCERNING COPYRIGHT 61921.

**RESPONSE TO REQUEST NO. 56:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any litigation." The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

DONIGER / BURROUGHS

Dated: February 11, 2015 By: ______________________

Stephen M. Doniger, Esq.
Howard S. Han, Esq.
Attorney for Plaintiff

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Avenue, Venice, California 90291.

On February 11, 2015, I served the ENCLOSED documents described as: **PLAINTIFF'S RESPONSES TO DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET ONE (RE DESIGN 61921)** on the following necessary part(ies) in this action:

**Mark D Kremer**
**Conkle Kremer and Engel**
**3130 Wilshire Blvd Suite 500**
**Santa Monica, CA 90403-2351**

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY HAND DELIVERY

☐ I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

☒ BY MAIL

☒ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒ BY ELECTRONIC MAIL TRANSMISSION

☒ On this date, I caused such documents to be delivered via e-mail to the addressee(s) designated above.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

EXECUTED February 11, 2015, in Venice, California.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

Grace Garcia

# Exhibit F

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

RECEIVED
FEB 16 2015
CK&E PLC

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

STAR FABRICS, INC., a California Corporation,

Plaintiff,

v.

MONROE & MAIN, INC., a Wisconsin Corporation; *et al.*

Defendants.

Case No. CV14-07125-MWF-E

**PLAINTIFF'S RESPONSES TO DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET THREE (RE DESIGN 64641)**

PROPOUNDING PARTY: MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., TAKE TWO CLOTHING CO., LLC.

RESPONDING PARTY: STAR FABRICS, INC.

SET: THREE

**TO PROPOUNDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. §34, Plaintiff hereby responds to the Requests for Production of Documents (Set Three) propounded by Monroe & Main, Inc., Seventh Avenue, Inc., Midnight Velvet, Inc., and Take Two Clothing Co., LLC. as follows:

The answers contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from disclosure which may attach to information called for in, or responsive to, any interrogatory. Plaintiff does not concede the relevance or materiality of any request for production, or the subject matter to which any request refers. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein, if the request for production were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request for production

herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such request, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

**REQUEST NO. 1:**

All DOCUMENTS CONCERNING the author(s) of COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 2:**

All DOCUMENTS CONCERNING the conception, design, and creation of COPYRIGHT 64641, including the date and location where it was created.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as being unintelligible—a copyright is not susceptible to being "conceived or designed." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

/ / /

**REQUEST NO. 3:**

All DOCUMENTS CONCERNING all ownership or use interests in COPYRIGHT 64641, including any acquisition, transfer, assignment, or licensing agreements.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 4:**

All DOCUMENTS CONCERNING any search investigations or studies CONCERNING the scope, validity or enforceability of COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "search investigations" and "studies." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 5:**

All U.S. and foreign copyright registrations and applications, including deposit copies, for COPYRIGHT 64641.

/ / /

**RESPONSE TO REQUEST NO. 5:**

Plaintiff further objects to it as overbroad as to "foreign copyright registrations." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 6:**

All DOCUMENTS CONCERNING the originality and copyrightability of COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is unintelligible to the extent is seeks documents related to the "copyrightability" of a copyright. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 7:**

All DOCUMENTS CONCERNING the conception, design, and creation of each of PLAINTIFF'S 64641 WORKS, including the date and location where each work was created.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "conception." Without waiving the foregoing objections, Plaintiff

will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 8:**

All DOCUMENTS CONCERNING equipment to produce fabric incorporating COPYRIGHT 64641, including plates, molds, drawings, models, rubbers, waxes, dyes, and patterns.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "incorporating." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 9:**

DOCUMENTS sufficient to show selvage of PLAINTIFF'S 64641 WORKS.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "selvage." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 10:**

Produce for inspection the plates, molds, or any other devices used to print any fabric bearing COPYRIGHT 64641.

///

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "plates, molds, or any other devices." Plaintiff further objects that this request seeks documents irrelevant to any matter at issue in this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 11:**

Produce, in native format with metadata intact, all computer files or other DOCUMENTS used to create the work which was submitted to the U.S. Copyright Office for COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "metadata." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 12:**

All DOCUMENTS CONCERNING the original artwork for COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to

ambiguous as to "all documents." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 13:**

All DOCUMENTS CONCERNING other works upon which COPYRIGHT 64641 is based.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "based." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 14:**

All DOCUMENTS CONCERNING all works reviewed or referred to during the creation of COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "reviewed or referred to." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 15:**

All DOCUMENTS CONCERNING all works reviewed or referred to during the creation of PLAINTIFF'S 64641 WORKS.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "reviewed or referred to." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 16:**

All DOCUMENTS CONCERNING all non-protectable elements of COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "non-protectable." Without waiving the foregoing objections, Plaintiff contends that there are no such elements, and, so owing, has no documents in its possession, custody, or control responsive to this request. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 17:**

All COMMUNICATIONS with the U.S. Copyright Office CONCERNING COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will

produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 18:**

All DOCUMENTS CONCERNING the marking of fabric incorporating COPYRIGHT 64641 with a copyright notice.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 19:**

All DOCUMENTS CONCERNING any place or location, whether physical or not, where any PERSON could access COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "physical or not" and "access." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 20:**

All DOCUMENTS CONCERNING any place or location, whether physical or not, where any PERSON could access PLAINTIFF'S 64641 WORKS.

///

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "physical or not" and "access." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 21:**

All DOCUMENTS CONCERN ING YOUR assertion that DEFENDANTS had access to COPYRIGHT 64641 or PLAINTIFF'S 64641 WORKS.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 22:**

All DOCUMENTS CONCERNING where COPYRIGHT 64641 was first published, displayed, marketed, distributed, disseminated, or offered for sale.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "published." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 23:**

All DOCUMENTS CONCERNING advertising, marketing, distribution, or sale of PLAINTIFF'S 64641 WORKS.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "advertising, marketing, distribution." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 24:**

DOCUMENTS sufficient to IDENTIFY the ownership, date of creation and date of termination of websites owned and controlled by PLAINTIFF, including but not limited to, www.starfabrics.com.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request on the basis that it seeks documents irrelevant to any matter in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 25:**

DOCUMENTS sufficient to IDENTIFY each supplier or manufacturer of fabric incorporating COPYRIGHT 64641 and each PERSON who acted on their behalf.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "each supplier." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 26:**

All COMMUNICATIONS with any supplier or manufacturer of fabric incorporating COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "reviewed or referred to." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 27:**

All DOCUMENTS CONCERNING the manufacture or creation of any fabric incorporating COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "creation." Without waiving the foregoing objections, Plaintiff

will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 28:**

DOCUMENTS sufficient to show all fabric using or incorporating COPYRIGHT 64641 that was produced, distributed and/or disposed of by or on behalf of YOU.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous as to "using," "incorporating," and "disposed." Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 29:**

All DOCUMENTS CONCERNING the distribution, sale, or offer for sale of PLAINTIFF'S 64641 WORKS, including but not limited to invoices, customs documents, bills of lading, identification numbers of items in bills of lading, shipping documents, airway bills, custom broker documents and freight forwarder documents.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged responsive documents in its possession, custody or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 30:**

Produce for inspection representative samples of each of PLAINTIFF'S 64641 WORKS.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as vague, ambiguous, overbroad as to "representative samples," and "each." Plaintiff objects that this request seeks documents pertaining to irrelevant information and is not reasonably calculated to the discovery of admissible evidence. Without waiving the foregoing, Plaintiff will make available fabric swatches bearing Plaintiff's Design for inspection at a mutually agreeable time. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 31:**

All DOCUMENTS CONCERNING each of DEFENDANTS' 64641 WORKS, including the goods described in YOUR complaint at paragraph 20 as garments sold by (a) "MONROE under Item No. WI56023 bearing the MONROE label and RN 98966" and (b) "MIDNIGHT under Item No, LM56023 bearing MONROE label and RN 98966."

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

/ / /

**REQUEST NO. 32:**

[Propounding Party does not include a Request No. 32]

**REQUEST NO. 33:**

DOCUMENTS sufficient to depict each of PLAINTIFF'S 64641 WORKS.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as vague, ambiguous, overbroad as to "depict" and "each." Plaintiff objects that this request seeks documents pertaining to irrelevant information and is not reasonably calculated to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 34:**

All DOCUMENTS CONCERNING YOUR assertion that Defendants have infringed COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 35:**

All DOCUMENTS CONCERNING YOUR assertion that Defendants are vicariously liable for infringement of COPYRIGHT 64641.

///

///

**RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 36:**

All DOCUMENTS CONCERNING YOUR assertion that Defendants have contributory liability for infringement of COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 37:**

All DOCUMENTS CONCERNING any decision by YOU to cease using COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

///

///

**REQUEST NO. 38:**

All DOCUMENTS CONCERNING any instance that a PERSON manufactured or sold an item incorporating elements of COPYRIGHT 64641 without YOUR authorization

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is vague, ambiguous, and overbroad as to "any instance," "incorporating," and "elements." Plaintiff further objects that this request seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 39:**

All DOCUMENTS CONCERNING agreements with all PERSONS who have manufactured and/or supplied to YOU fabric that incorporates COPYRIGHT 64641, including but not limited to supplier, manufacturing, confidentiality, non-disclosure, assignment, license, and transfer agreements.

**RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is vague, ambiguous, and overbroad as to "incorporates." Plaintiff further objects that this request seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

///

**REQUEST NO. 40:**

All DOCUMENTS CONCERNING YOUR discovery of DEFENDANTS' alleged infringement of COPYRIGHT 64641, including investigation notes, receipts, invoices, shipping and packing slips, and witness accounts.

**RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request is vague, ambiguous, and overbroad as to "witness accounts." Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 41:**

All DOCUMENTS CONCERNING other garments which YOU have knowledge of that are similar in appearance to any of PLAINTIFF'S 64641 WORKS.

**RESPONSE TO REQUEST NO. 41:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion and legal conclusion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "similar in appearance." The request seeks documents that are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

/ / /

**REQUEST NO. 42:**

All DOCUMENTS CONCERNING any other work that is like or similar in appearance to COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 42:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any other work," "like," and "similar in appearance." The request seeks documents that are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 43:**

All DOCUMENTS CONCERNING the damages YOU claim to have suffered, whether general or special, due to DEFENDANTS' alleged infringement of COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 43:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects that a calculation of Plaintiff's damages in this matter is based in part on documents within Defendants' exclusive possession, custody, or control and that have not yet been provided to Plaintiff. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 44:**

DOCUMENTS sufficient to show the amount and calculation of YOUR revenues, expenses, and profits from YOUR sale of the PLAINTIFF'S 64641 WORKS, broken down by month and SKU, from the date YOU first offered PLAINTIFF'S 64641 WORKS for sale to the present.

**RESPONSE TO REQUEST NO. 44:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 45:**

DOCUMENTS sufficient to show YOUR variable expenses and costs associated with YOUR sale of PLAINTIFF'S 64641 WORKS, broken down by month, since first offering the PLAINTIFF'S 64641 WORKS for sale to the present.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks irrelevant documents that have no connection to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

/ / /

/ / /

/ / /

**REQUEST NO. 46:**

DOCUMENTS sufficient to show the quantity of PLAINTIFF'S 64641 WORKS YOU that have been sold, broken down by month and SKU, from the date YOU first offered PLAINTIFF'S 64641 WORKS for sale to the present.

**RESPONSE TO REQUEST NO. 46:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 47:**

All DOCUMENTS CONCERNING threats or cease and desist letters received or sent CONCERNING COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 47:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks irrelevant documents that have no connection to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 48:**

A copy of each Complaint filed by YOU or on YOUR behalf CONCERNING COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 48:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or

trade secrets doctrines. Plaintiff objects that this request seeks irrelevant documents with no relation to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 49:**

All YOUR prior interrogatory responses provided in any litigation CONCERNING COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 49:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to this request as overbroad with regard to "any litigation." Plaintiff objects that this request seeks irrelevant documents with no relation to this litigation. This request is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 50:**

All YOUR prior requests for admission responses provided in any litigation CONCERNING COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 50:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as overbroad as to "any litigation." The request seeks documents that are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

///

**REQUEST NO. 51:**

A copy of each deposition transcript from any litigation CONCERNING COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 51:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects to the request as overbroad as to "any litigation." The request seeks deposition transcripts that have no bearing on, relation to, and are not relevant to this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 52:**

A copy of any declaration filed by YOU or on YOUR behalf CONCERNING COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 52:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any declaration." The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 53:**

A copy of each settlement agreement for any litigation CONCERNING COPYRIGHT 64641.

/ / /

**RESPONSE TO REQUEST NO. 53:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any litigation." The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 54:**

All disclosed expert reports CONCERNING COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 54:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that the request is overbroad, vague, and ambiguous as to "all disclosed expert reports." Plaintiff further objects that this request seeks premature expert opinion. The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 55:**

All weekly, monthly, quarterly and annual summaries of sales of goods bearing COPYRIGHT 64641, including services or products sold and sales prices for the period 2007 to the present.

**RESPONSE TO REQUEST NO. 55:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Without waiving the foregoing objections, Plaintiff

responds that it will produce nonprivileged, responsive documents in its possession, custody, or control. Discovery is ongoing; right to supplement reserved.

**REQUEST NO. 56:**

All economic damage or other analyses prepared by or on behalf of YOU relating to any litigation or alleged infringement CONCERNING COPYRIGHT 64641.

**RESPONSE TO REQUEST NO. 56:**

Plaintiff objects to the extent this request seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secrets doctrines. Plaintiff further objects that this request seeks premature expert opinion. Plaintiff further objects to the request as vague, ambiguous, and overbroad as to "any litigation." The request seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing; right to supplement reserved.

DONIGER / BURROUGHS

Dated: February 11, 2015 By: ______________________

Stephen M. Doniger, Esq.
Howard S. Han, Esq.
Attorney for Plaintiff

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Avenue, Venice, California 90291.

On February 11, 2015, I served the ENCLOSED documents described as: **PLAINTIFF'S RESPONSES TO DEFENDANTS MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, SET ONE (RE DESIGN 64641)** on the following necessary part(ies) in this action:

**Mark D Kremer**
**Conkle Kremer and Engel**
**3130 Wilshire Blvd Suite 500**
**Santa Monica, CA 90403-2351**

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY HAND DELIVERY

☐ I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

☒ BY MAIL

☒ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒ BY ELECTRONIC MAIL TRANSMISSION

☒ On this date, I caused such documents to be delivered via e-mail to the addressee(s) designated above.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

EXECUTED February 11, 2015, in Venice, California.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

Grace Garcia

# Exhibit G

Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br>v.<br>MONROE & MAIN, INC., a Wisconsin Corporation; *et al.*<br><br>Defendants. | Case No. CV14-07125-MWF-E<br><br>**PLAINTIFF'S RESPONSES TO TAKE TWO CLOTHING CO., LLC'S INTERROGATORIES, SET ONE (RE DESIGN 61361)** |

PROPOUNDING PARTY: TAKE TWO CLOTHING CO., LLC
RESPONDING PARTY: STAR FABRICS, INC.
SET: ONE

**TO RESPONDING PARTY AND ITS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. §33, Plaintiff hereby responds to the First Set of Interrogatories propounded by Take Two Clothing Co., LLC. as follows:

The answers contained herein are given without prejudice to producing at the time of trial subsequently discovered information or information omitted from said answers due to good faith oversight.

In setting forth its answers, Plaintiff does not waive the attorney-client privilege, attorney work-product privilege, or any other privilege or immunity from

disclosure which may attach to information called for in, or responsive to, any interrogatory, Plaintiff does not concede the relevance or materiality of the interrogatory, or the subject matter to which the interrogatories refer. These responses are made solely for the purpose of and in relation to this action. Each answer is given subject to all appropriate objections, (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) which would require the exclusion of any statement contained herein, if the interrogatory were asked of, or any statement contained herein were made by a witness present and testifying in court. All such objections and grounds are, therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these answers are given has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. Consequently, the following answers are given without prejudice to this answering party's right to produce at time of trial, material inadvertently excluded from any answer contained herein.

Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that an interrogatory herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such answer constitutes evidence of any facts set forth or assumed. All answers must be construed as given on the basis of present recollections.

///

**INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who participated in the conception, creation, or development of COPYRIGHT 61361.

**RESPONSE TO INTERROGATORY NO. 1:**

Adir Haroni, President, Star Fabrics. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 2:**

Describe all elements of COPYRIGHT 61361, including combination thereof, that YOU believe are protectable and explain why YOU contend that those elements and/or combinations are protectable.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion and premature expert opinion. Plaintiff further objects to this interrogatory as vague and ambiguous as to "elements." Without waiver, because the Copyright Office has granted Plaintiff a copyright encompassing the entirety of its 61361 design, Plaintiff contends that the design is protectable in its entirety. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 3:**

Describe all elements of COPYRIGHT 61361 that YOU do not contend are protectable and explain why YOU do not contend that those elements are protectable.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion and premature expert opinion. Plaintiff further objects to this interrogatory as vague and ambiguous as to "elements." Without waiver, because the Copyright Office has granted Plaintiff a copyright encompassing the entirety of

its 61361 design, Plaintiff contends that the design is protectable in its entirety. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 4:**

Describe with particularity each individual element, including combinations thereof, of COPYRIGHT 61361which was found, by the U.S. Copyright Office to be not individually copyrightable, and IDENTIFY each DOCUMENT CONCERNING the U.S. Copyright Office's reasons therefor.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory to the extent it calls for proprietary, trade secret information. Plaintiff is not aware of any such elements. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 5:**

State the total amount of fabric incorporating COPYRIGHT 61361 that YOU have sold or distributed.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory to the extent it calls for proprietary, trade secret information. Without waiving the foregoing, Plaintiff will produce documents pursuant to FRCP 33(d) that contain responsive information. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 6:**

State the total amount of fabric incorporating COPYRIGHT 61361 that was manufactured at YOUR request.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this interrogatory to the extent it calls for proprietary, trade secret information. Without waiving the foregoing, Plaintiff will produce documents pursuant to FRCP 33(d) that contain responsive information. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 7:**

Describe all elements of COPYRIGHT 61361 that YOU contend DEFENDANTS have infringed and state all facts that support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects that this interrogatory calls for improper legal conclusion and premature expert testimony. Plaintiff further objects that the interrogatory is vague and ambiguous as to "infringed." An infringing party infringes a copyright and not "elements." To the extent that this interrogatory suggests otherwise, it is unintelligible. Without waiver, Plaintiff contends that Defendants infringed the copyright Plaintiff holds in Design 61361—a copyright that encompasses the entirety of the design. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 8:**

IDENTIFY each of DEFENDANTS' 61361 WORKS that YOU contend infringe any of PLAINTIFF'S 61361 WORKS and state all facts that support YOUR contentions.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory as unduly burdensome to the extent Defendants are in a better position to respond. Without waiver, Plaintiff identifies the Bright Paisley Tunic sold by Monroe & Main, Inc. under Item Nos. WD56517 and WD56518. For additional information, Plaintiff refers Propounding Party to the Complaint filed in this action for both a reference to the alleged infringing product and a side-by-side comparison of the copied elements contained in both Plaintiff's 61361 design and the design appearing on Propounding Party's garment. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 9:**

State all facts upon which YOU contend that DEFENDANTS are vicariously liable for infringement of COPYRIGHT 61361.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory to the extent that it calls for legal conclusion and premature expert opinion. Plaintiff further objects that discovery has not yet concluded in this matter and more facts may come to light before discovery's close. Without waiver, Plaintiff contends that Propounding Party, as a seller of infringing goods, benefitted financially from said goods' sale and had the ability to supervise the infringing activity (i.e., the purchase of infringing goods from its vendor(s)). Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 10:**

State all facts upon which YOU contend that DEFENDANTS have contributory liability for infringement of COPYRIGHT 61361.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this interrogatory to the extent that it calls for legal conclusion and premature expert opinion. Plaintiff further objects that discovery has not yet concluded in this matter and more facts may come to light before discovery's close. Without waiver, Plaintiff contends that Propounding Party engaged in specific acts—encouraging the copyright infringement of Plaintiff's design. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 11:**

IDENTIFY all PERSONS whom YOU authorized to manufacture fabric incorporating COPYRIGHT 61361 that gave or sold that fabric to PERSONS other than YOU.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this interrogatory to the extent it calls for proprietary, trade secret information. Plaintiff further objects to this interrogatory as being vague and ambiguous as to "authorized" and "incorporating." Without waiving the

foregoing, Plaintiff will produce documents pursuant to FRCP 33(d) that contain responsive information. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 12:**

IDENTIFY all PERSONS whom YOU believe have infringed COPYRIGHT 61361 in this lawsuit or another.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to the extent this interrogatory calls for attorney-client communication, attorney work product, privileged, and proprietary information. Plaintiff further objects that this interrogatory seeks irrelevant information, is propounded for the sole purpose of harassing Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiver and without limitation, Propounding Party and Monroe & Main, Inc. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 13:**

IDENTIFY all PERSONS whom YOU authorized to manufacture, sell, reproduce, or distribute fabric incorporating COPYRIGHT 61361.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory to the extent it calls for proprietary, trade secret information. Plaintiff further objects to this interrogatory as being vague and ambiguous as to "authorize." Without waiving the foregoing, Plaintiff will produce documents pursuant to FRCP 33(d) that contain responsive information. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 14:**

IDENTIFY all PERSONS who have manufactured, sold, reproduced, or distributed fabric incorporating COPYRIGHT 61361 without YOUR authorization.

/ / /

/ / /

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to the extent this interrogatory calls for attorney-client communication, attorney work product, privileged, and proprietary information. Plaintiff further objects that this interrogatory seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 15:**

List all works that YOU have knowledge of that are similar in appearance to any of PLAINTIFF'S 61361 WORKS.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to the extent this interrogatory calls for attorney-client communication, attorney work product, privileged, and proprietary information. Plaintiff further objects that this interrogatory seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiver and without limitation, Plaintiff responds as follows: the garment sold by Propounding Party that is indicated in the Complaint. Discovery is ongoing, right to supplement reserved.

**INTERROGATORY NO. 16:**

State with specificity each element of damages in connection with YOUR assertion that DEFENDANTS infringed COPYRIGHT 61361, and for each element set forth the precise dollar amount of the damage, the method of such calculation and the DOCUMENTS and information used in each calculation.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff objects to the extent this interrogatory seeks confidential information protected by the attorney-client privilege and the attorney work product and/or trade secret doctrines. Plaintiff further objects to it as overbroad, vague and ambiguous both generally and as to "damages" and "element," and as

calling for a legal conclusion and premature expert opinion. Plaintiff further objects to it as unduly burdensome to the extent Propounding Party are in an equal or better position to respond and further premature because under the Copyright Act damages depend at least in part on Defendants' profits, which have yet to be fully disclosed in this litigation. Without waiving the foregoing objection, Plaintiff may seek actual damages based on its lost profits, which can be calculated by multiplying the number of yards of fabric used by Defendants by the price per yard that Plaintiff would have charged for that fabrication (as evidenced in its sales records to be provided pursuant to Rule 33(d)). Further, Plaintiff will seek the sales revenues of Defendants less any demonstrable costs of sales (the latter being Defendant's burden to prove). In the alternative, Plaintiff may seek statutory damages as allowed by law and in the discretion of the jury.

**INTERROGATORY NO. 17:**

State the total amount of money YOU have received in connection with litigation CONCERNING COPYRIGHT 61361

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to the extent this interrogatory calls for attorney-client communication, attorney work product, privileged, and proprietary information. Plaintiff further objects that this interrogatory seeks irrelevant information, is propounded for the sole purpose of harassing Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence. Discovery is ongoing, right to supplement reserved.

DONIGER / BURROUGHS

Dated: February 11, 2015

By: ______________________

Stephen M. Doniger, Esq.
Howard S. Han, Esq.
Attorney for Plaintiff

# VERIFICATION

*Star Fabrics, Inc. v. Monroe & Main, Inc., et al., CV14-7125-MWF (Ex)*

I, Adir Haroni, have read "PLAINTIFF'S RESPONSES TO MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR ADMISSION, SET ONE (RE DESIGN 61361)", "PLAINTIFF'S RESPONSES TO MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR ADMISSION, SET TWO (RE DESIGN 61921)", "PLAINTIFF'S RESPONSES TO MONROE & MAIN, INC., SEVENTH AVENUE, INC., MIDNIGHT VELVET, INC., AND TAKE TWO CLOTHING CO., LLC'S REQUESTS FOR ADMISSION, SET ONE (RE DESIGN 64641)", "PLAINTIFF'S RESPONSES TO TAKE TWO CLOTHING CO., LLC'S INTERROGATORIES, SET ONE (RE DESIGN 61361)", "PLAINTIFF'S RESPONSES TO MONROE & MAIN, INC.'S INTERROGATORIES, SET ONE (RE DESIGN 61921)", and "PLAINTIFF'S RESPONSES TO MIDNIGHT VELVET, INC.'S INTERROGATORIES, SET ONE (RE DESIGN 64641)", and am familiar with their contents.

I am the President of STAR FABRICS, INC., a party to this action, and I am authorized to make this verification on its behalf. With respect to any part of the foregoing that is within my own personal knowledge, I state that portion is true. All other matters contained therein are based on information gathered by others, and on that basis I am informed and believe, and thereon state that such information is true.

STAR FABRICS, INC., and the undersigned reserve all rights to make changes should it appear that the foregoing contains any omissions or errors.

/ / /

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 10, 2015 in Los Angeles, CA.

By: ______________________
Adir Haroni

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: DONIGER/BURROUGHS APC, 603 Rose Avenue, Venice, California 90291.

On February 11, 2015, I served the ENCLOSED documents described as: **PLAINTIFF'S RESPONSES TO TAKE TWO CLOTHING CO., LLC'S INTERROGATORIES, SET ONE ( RE DESIGN 61361)** on the following necessary part(ies) in this action:

**Mark D Kremer**
**Conkle Kremer and Engel**
**3130 Wilshire Blvd Suite 500**
**Santa Monica, CA 90403-2351**

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY HAND DELIVERY

☐ I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

☒ BY MAIL

☒ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒ BY ELECTRONIC MAIL TRANSMISSION

☒ On this date, I caused such documents to be delivered via e-mail to the addressee(s) designated above.

☒ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

EXECUTED February 11, 2015, in Venice, California.

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the California Bar, at whose direction this service was made.

Grace Garcia